**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TAMIE HOLLINS, individually and on behalf of all others similarly situated.<br><br>Plaintiff,<br><br>v.<br><br>ACCURATE BACKGROUND, LLC,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Tamie Hollins ("Plaintiff") brings this putative class action individually and on behalf of all others similarly situated, seeking statutory and other damages against Defendant Accurate Background, LLC ("Accurate" or "Defendant") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

3. To that end, the FCRA imposes the following duties on consumer reporting agencies: (1) consumer reporting agencies must maintain procedures to avoid the inclusion of

outdated information in consumer reports; and (2) consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports.

4. The FCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

5. Plaintiff, Tamie Hollins ("Plaintiff"), therefore brings this putative class action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") alleging that Accurate has negligently and recklessly disseminated consumer reports concerning Plaintiff's and countless others' backgrounds that wrongfully reported outdated adverse criminal history beyond the time allotted under the FCRA due to willfully insufficient policies and procedures. Additionally, Accurate has negligently and recklessly disseminated consumer reports concerning Plaintiff's and countless others' backgrounds that wrongfully reported both sealed criminal history and inaccurate criminal case disposition information due to willfully insufficient policies and procedures to ensure maximal accuracy.

6. Plaintiff, individually and on behalf of the Class members, seeks statutory and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## PARTIES

7. Plaintiff is a natural person and resident of the State of New York and qualifies as a "consumer" as defined and protected by the FCRA.

8. Defendant Accurate Background, LLC is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the

purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of interstate commerce. Defendant Accurate is a California company that maintains its primary place of business at 200 Spectrum Center Drive, Suite 1100, Irvine, CA 92618.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the State of New York, and violated Plaintiff's rights under the FCRA in the State of New York as alleged more fully below.

10. Venue is proper in this District under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conduct regular business in this District, and communications giving rise to this action occurred in this District.

**FACTUAL ALLEGATIONS**

11. Sometime prior to December 1, 2025, Plaintiff applied for new employment with NorthEast – White Plains ("NorthEast).

12. As part of her application, Plaintiff consented that NorthEast could obtain a background consumer reporting regarding himself. NorthEast then contracted with Defendant to procure this report.

13. On or around December 1, 2025, Plaintiff was informed that she was being denied employment due the results of the consumer report provided by Defendant. Specifically, Plaintiff was informed that her application was unable to be approved due to the results of the report's criminal history section.

14. When Plaintiff review the report provided by Defendant, she was confused because the only criminal history being reported was in Defendant's "Criminal Record Search – State"

section. Defendant included one case record for case number 19-334 out of Orange County, New York with a charge listed as 1 count of Grand Larceny – Felony and the disposition as "Open Case Pending".

15. Plaintiff was upset and frustrated for a number of reasons: 1) Plaintiff's case was filed in December of 1984 (over 40 years prior to the report); 2) Plaintiff's charged was changed from a grand larceny felony to a petit larceny misdemeanor; 3) the case was dismissed and closed on June 6, 1986 (nearly 40 years prior to the report); and 4) the action was sealed on or about December 12, 2020.

16. To Plaintiff's understanding, non-conviction adverse information, such as the case reported, are not reported on a consumer report beyond 7 years from the date the case was diled.

17. Indeed, the FCRA provides that "no consumer reporting agency may make any consumer report containing…adverse item[s] of information, ***other than records of convictions of crimes*** which antedates the report by more than 7 years." 15 U.S.C. § 1681c(a)(5) (emphasis added).

18. Beyond the information being outdated under the FCRA, Defendant additionally listed the wrong charge and the wrong disposition. Worse yet, Plaintiff's information had been sealed by the Court. As such, it should not have been reported on her background check report.

19. As made clear by CFPB guidance issued in early 2024, "a consumer reporting agency that reports public record information is not using reasonable procedures to assure maximum possible accuracy if it does not have reasonable procedures in place to ensure that (1) it does not report information… that has been expunged, sealed, or otherwise legally restricted from public access in a manner that would prevent the user from obtaining it directly from the government entities that maintain the records and (2) it includes any existing disposition

information if it reports arrests, criminal charges, eviction proceedings, or other court filings." *See* Consumer Financial Protection Bureau, *Fair Credit Reporting; Background Screening*, 89 FR 4171 (Jan. 3, 2024).

20. Upon information and belief, Defendant has maintained woefully insufficient procedures for preventing violations of section 1681c.

21. Additionally, upon information and belief, Defendant has maintained woefully insufficient procedures for preventing violations of section 1681e(b).

22. Upon information and belief, Defendant has reported adverse, non-conviction criminal history information that antedates the date of the report for countless other individuals.

23. Upon information and belief, Defendant has reported adverse, criminal history information that does not contain accurate and/or current disposition information for countless of other individuals.

24. Upon information and belief, Defendant has reported adverse, criminal history information that has been sealed and/or expunged for countless other individuals.

25. Pursuant to Section 1681(e)(a) of the FCRA, "[e]very consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title." 15 U.S.C. 1681e(a).

26. Pursuant to Section 1681e(b) of the FCRA, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

27. Upon information and belief, Defendant fails to have such procedures, as it allows for outdated, inaccurate and sealed criminal history information to appear on consumer's reports, despite the FCRA specifically proscribing otherwise.

28. As a direct result of Defendant's outdated and inaccurate reporting, Plaintiff and the Class members have been damaged. For example, derogatory and/or defamatory information which otherwise should not have been included in Plaintiff's and Class members' consumer reports was disseminated to Defendant's consumer report customers.

29. These injuries are particularized and concrete, but difficult to quantify, rendering the recovery of class statutory damages ideal and appropriate.

30. At all times pertinent hereto, Defendant's conduct was willful and/or negligent, and carried out in reckless disregard for a consumer's rights as set forth under sections 1681c & e of the FCRA. Accordingly, Plaintiff and the Class are entitled to statutory and punitive damages under 15 U.S.C. §§ 1681n and 1681o. Defendant is also liable for Plaintiff's reasonable attorneys' fees and costs.

31. As a direct and proximate result of the Defendant's willful and/or negligent refusal to assure maximum accuracy of credit reports as mandated by the FCRA, Plaintiff and the Class members have been harmed in their daily lives, by the impact that this outdated derogatory information has had on their ability to secure housing.

32. As an example, Plaintiff was denied employment with the NorthEast and suffered emotional distress along with embarrassment, frustration, and annoyance because of Defendant's conduct.

## CLASS ALLEGATIONS

33. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all others similarly situated.

34. The Classes are defined as follows:

> **Outdated Class: All natural persons residing in the United States on whom, from two year prior to the filing of this action and through the date of class certification, Defendant compiled and furnished a consumer background report which contained adverse non-conviction information that antedated the report by more than seven years**.
>
> **Inaccurate Disposition Class: All natural persons residing in the United States on whom, from two year prior to the filing of this action and through the date of class certification, Defendant compiled and furnished a consumer background report which contained inaccurate disposition information**.
>
> **Sealed Record Class: All natural persons residing in the United States on whom, from two year prior to the filing of this action and through the date of class certification, Defendant compiled and furnished a consumer background report which contained sealed and/or expunged criminal case information.**

35. Plaintiff reserves the right to amend the definition of the Classes based on discovery or legal developments.

36. Specifically excluded from the Classes are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Classes; (c) all persons who have previously executed and delivered to Defendant releases of all their claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

37. **Numerosity.** The Classes are so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Classes. Based on information and belief, the Classes are comprised of at least hundreds, if not thousands, of

members who are geographically dispersed throughout the country so as to render joinder of all Class members impracticable. The names and addresses of the Class members are identifiable through documents maintained by Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

38. **Commonality.** Common questions of law and fact exist as to all members of the Classes and predominate over the questions affecting only individual members. The primary common legal and factual questions are:

a. Whether the Defendant willfully and/or negligently violated the FCRA by including outdated adverse non-conviction information in consumer reports which antedated the reports by more than seven years;

b. Whether the Defendant willfully and/or negligently violated the FCRA by including inaccurate criminal case disposition information in consumer reports;

c. Whether the Defendant willfully and/or negligently violated the FCRA by including sealed criminal case information in consumer reports;

d. Whether the Defendant willfully and/or negligently violated the FCRA by failing to follow reasonable procedures in preparing and selling consumer reports;

e. Whether Plaintiff and the Class have been injured by Defendant's conduct;

f. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, the proper measure and appropriate formula to be applied in determining such damages and restitution; and

g. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

39. **Typicality**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages that she seeks for absent class

members.

40. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff's interests coincide with, and are not antagonistic to, other Class members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex consumer and class-action litigation. Plaintiff's counsel have prosecuted complex consumer class actions across the country.

41. **Predominance and Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts.

42. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

## CAUSES OF ACTION

### COUNT I
### Violation of the FCRA, 15 U.S.C. § 1681c

43. Plaintiff repeats and realleges the foregoing allegations in paragraphs 1-42 as if fully set forth herein.

44. Plaintiff brings this claim individually and on behalf of the Outdated Class.

45. Section 1681c(a)(5) of the FCRA provides that "no consumer reporting agency may make any consumer report containing… adverse item[s] of information, other than records of convictions of crimes which antedates the report by more than seven years."

46. Defendant is currently violating, and continues to violate, 15 U.S.C. § 1681c(a)(5) by reporting outdated and obsolete adverse non-conviction information on Plaintiff's and the Outdated Class members' consumer reports beyond what the statutory period allows.

47. Defendant's violations are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or additionally, negligent, giving rise to liability under 15 U.S.C. § 1681o.

48. As a direct and proximate result of Defendant's willful and/or negligent failure to follow procedures to adhere to the statutorily provided reporting period, Plaintiff and the Outdated Class have been harmed, as explained above.

### COUNT II
### Violation of the FCRA, 15 U.S.C. § 1681e(a)

49. Plaintiff repeats and realleges the foregoing allegations in paragraphs 1-42 as if fully set forth herein.

50. Plaintiff brings this claim individually and on behalf of the Outdated Class.

51. Section 1681e(a) of the FCRA requires that, "["[e]very consumer reporting agency

shall maintain reasonable procedures designed to avoid violations of section 1681c of this title." 15 U.S.C. 1681e(a).

52. Accordingly, Defendant was required to maintain and follow procedures to avoid violations of in 1681c in the consumer reports it prepared concerning Plaintiff and the Outdated Class. This includes maintaining and following procedures to prevent outdated adverse non-conviction information from appearing on reports.

53. However, Defendant failed to do so.

54. Were Defendant to follow procedures to avoid violations of 1681c in the consumer reports it prepared concerning Plaintiff and the Outdated Class members, it would not be possible for it to report outdated adverse non-conviction information, such as a case that was dismissed nearly 40 years prior, on Plaintiff's and the Outdated Class members' reports.

55. If Defendant were meeting its obligation to maintain and follow procedures to avoid violations of in 1681c in the consumer reports it prepared for Plaintiff and the Outdated Class members, it would have prevented this outdated adverse information from being reported in the first place.

56. Defendant's violations are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or additionally, negligent, giving rise to liability under 15 U.S.C. § 1681o.

57. As a direct and proximate result of Defendant's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff and the Outdated Class have been harmed, as explained above.

**COUNT III**
**Violation of the FCRA, 15 U.S.C. § 1681e(b)**

58. Plaintiff repeats and realleges the foregoing allegations in paragraphs 1-42 as if fully set forth herein.

59. Plaintiff brings this claim individually and on behalf of the Outdated Class.

60. Section 1681e(b) of the FCRA requires that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b) (emphasis added).

61. Accordingly, Defendant was required to follow procedures to assure maximum possible accuracy of the consumer reports it prepared concerning Plaintiff and the Outdated Class. This includes following procedures to prevent outdated adverse non-conviction information from appearing on reports.

62. However, Defendant failed to do so.

63. Were Defendant to follow procedures to assure maximum possible accuracy of the consumer reports it prepared concerning Plaintiff and the Outdated Class members, it would not be possible for it to report outdated adverse non-conviction information, such as a case that was dismissed nearly 40 years prior, on Plaintiff's and the Outdated Class members' reports.

64. Moreover, if Defendant were meeting its obligation to follow procedures to assure maximum possible accuracy of the credit reports it prepares for Plaintiff and the Outdated Class members, it would have prevented this outdated adverse information from being reported in the first place.

65. Defendant's violations are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or additionally, negligent, giving rise to liability under 15 U.S.C. § 1681o.

66. As a direct and proximate result of Defendant's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff and the Outdated Class have been harmed, as explained above.

**COUNT IV**
**Violation of the FCRA, 15 U.S.C. § 1681e(b)**

67. Plaintiff repeats and realleges the foregoing allegations in paragraphs 1-42 as if fully set forth herein.

68. Plaintiff brings this claim individually and on behalf of the Inaccurate Disposition Class.

69. Section 1681e(b) of the FCRA requires that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b) (emphasis added).

70. Accordingly, Defendant was required to follow procedures to assure maximum possible accuracy of the consumer reports it prepared concerning Plaintiff and the Inaccurate Disposition Class. This includes following procedures to ensure it reported up-to-date and accurate existing disposition information when it includes arrests, criminal charges or other court filings on consumers' reports.

71. However, Defendant failed to do so.

72. Were Defendant to follow procedures to assure maximum possible accuracy of the consumer reports it prepared concerning Plaintiff and the Inaccurate Disposition Class members,

it would not be possible for it to report Plaintiff's case as open and pending when it was dismissed nearly 40 years prior.

73. Moreover, if Defendant were meeting its obligation to follow procedures to assure maximum possible accuracy of the credit reports it prepares for Plaintiff and the Inaccurate Disposition Class members, it would have prevented this inaccurate information from being reported in the first place.

74. Defendant's violations are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or additionally, negligent, giving rise to liability under 15 U.S.C. § 1681o.

75. As a direct and proximate result of Defendant's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff and the Inaccurate Disposition Class have been harmed, as explained above.

**COUNT V**
**Violation of the FCRA, 15 U.S.C. § 1681e(b)**

76. Plaintiff repeats and realleges the foregoing allegations in paragraphs 1-42 as if fully set forth herein.

77. Plaintiff brings this claim individually and on behalf of the Sealed Class.

78. Section 1681e(b) of the FCRA requires that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b) (emphasis added).

79. Accordingly, Defendant was required to follow procedures to assure maximum possible accuracy of the consumer reports it prepared concerning Plaintiff and the Sealed Class. This includes following procedures to ensure it did not report information that had been expunged,

sealed, or otherwise legally restricted from public access.

80. However, Defendant failed to do so.

81. Were Defendant to follow procedures to assure maximum possible accuracy of the consumer reports it prepared concerning Plaintiff and the Sealed Class members, it would not be possible for it to report Plaintiff's case that had been sealed in 2020.

82. Moreover, if Defendant were meeting its obligation to follow procedures to assure maximum possible accuracy of the credit reports it prepares for Plaintiff and the Sealedn Class members, it would have prevented this inaccurate information from being reported in the first place.

83. Defendant's violations are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or additionally, negligent, giving rise to liability under 15 U.S.C. § 1681o.

84. As a direct and proximate result of Defendant's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff and the Sealed Class have been harmed, as explained above

**DEMAND FOR JURY TRIAL**

85. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and the Class pray for relief as follows:

A. That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and their counsel to represent the Classes;

B. That judgment be entered in favor of Plaintiff and the Classes against Defendant for statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

C. That the Court award the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

D. That the Court issue a declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

E. That the Court grant equitable relief, enjoining Defendant from engaging in the unjust and unlawful conduct alleged herein; and

i. That the Court grant Plaintiff and the Classes such other and further relief as may be just and proper.

Dated: January 16, 2025

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
Tel: (732) 695-3282
Fax: (732) 298-6256
Email: yzelman@marcuszelman.com
Attorneys for Plaintiff